IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SPLASH PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TWINCO ROMAX, LLC and TWINCO/ROMAX ) <br> WISCONSIN, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Splash Products, Inc. ("Splash Products"), for its Complaint against Defendants Twinco Romax, LLC and Twinco/Romax Wisconsin, Inc., (collectively "Twinco"), state and alleges as follows:

### NATURE OF THIS ACTION

1. A clean windshield is required for safe driving, and windshield washer fluid is essential to keeping a vehicle's windshield clean. Windshield washer fluid is especially important in cold-weather driving to remove dirt, snow and ice that accumulates on a vehicle's windshield. Without properly functioning windshield washer fluid, dirt, snow and ice can block a driver's view of the road, resulting in potentially life threatening accidents.

2. Windshield washer fluid has one intended purpose – to spray onto a vehicle's windshield. To ensure that the fluid will work in cold weather temperatures, windshield washer fluid is generally labeled with the temperature at which the fluid will spray as intended, such as "plus 20° F," "0° F," or" -20° F."

3. Consumers and retailers rely upon these labeling claims to ensure that the windshield washer fluid they buy will function at anticipated temperatures. In Minnesota and other cold-weather states, the most common formulation of windshield washer fluid is fluid that will spray at -20° F.

4. Twinco has falsely advertised and labeled its POWER BLAST windshield washer fluid with the claim that it will operate at temperatures down to -20° F. Contrary to Twinco's representations, Twinco's POWER BLAST fluid will freeze and cease to operate at temperatures substantially warmer than -20° F. As a result, consumers seeking cold weather protection for their vehicles are being duped by Twinco's false and misleading claims.

## PARTIES

5. Splash Products is a Minnesota corporation, with its principal place of business located at 1380 Corporate Center Curve, Suite 200, Eagan, Minnesota 55121. Splash Products is a leading manufacturer and seller of automotive fluid products, including windshield washer fluid sold under the brand name SPLASH®. SPLASH® is the leading brand of windshield washer fluid sold in Minnesota and throughout the upper Midwest.

6. Twinco Romax, LLC is, upon information and belief, a Delaware corporation, with its principal place of business at 4635 Willow Drive, Medina, Minnesota 55340. Twinco Romax, LLC sells windshield washer fluid under the brand name POWER BLAST.

7. Twinco/Romax Wisconsin, Inc. is, upon information and belief, a Minnesota corporation, with its principal place of business at 4635 Willow Drive, Medina, Minnesota 55340. Twinco/Romax Wisconsin, Inc. sells windshield washer fluid under the brand name POWER BLAST.

## JURISDICTION OF THE COURT

8.  This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Splash Products' Minnesota state law claims, because those claims are related to claims within the Court's original jurisdiction and form part of the same case or controversy.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Twinco is deemed to reside in this district, is doing business in this district, and has made its false and misleading claims at issue in this district.

## WINDSHIELD WASHER FLUID

10.  Most windshield washer fluid manufactured and sold in the United States is comprised of two primary ingredients, water and methanol. Methanol works to prevent the fluid from freezing at low temperatures. The greater the amount of methanol in the fluid, the lower the temperature at which the fluid will start to freeze, thus allowing the windshield washer fluid to spray as intended through a vehicle's windshield washer system.

11.  Because methanol is more expensive than water, windshield washer fluids that contain higher percentages of methanol are more expensive to produce, and generally sell at higher prices.

12.  The amount of methanol necessary to allow windshield washer fluid to remain unfrozen at a given temperature is documented in widely distributed charts available through scientific publications and suppliers of methanol such as Ashland, Dow Chemical and Methanex. These charts clearly identify the freezing points for different mixtures of methanol and water.

13.  If windshield washer fluid freezes, it will not work for its intended purpose; it will not spray through a vehicle's windshield washer spray system. Accordingly, the freezing

point of windshield washer fluid is an extremely important factor in the buying decisions of consumers and retailers – especially in cold-weather climates like Minnesota.

14. Given the importance of freezing point to consumers, windshield washer fluid manufacturers commonly make claims on their product labels representing that the labeled fluid will perform as intended to specified temperatures such as "plus 20° F," "0° F," or "-20° F." These representations are commonly understood to mean that the product will remain liquid and will spray when used in a vehicle's windshield wash spray system down to the stated temperatures.

15. Although windshield washer fluid is commonly sold in several different formulations, the most popular formulation sold during the winter months in Minnesota and other cold-weather states is fluid that remains unfrozen to -20° F.

16. It is commonly understood that fluid labeled with the temperature -20° F will remain unfrozen – and therefore spray – at temperatures down to -20° F.

17. Since at least 1996, Splash Products, and its predecessors in interest have promoted and sold a version of SPLASH® -20° F windshield washer fluid in Minnesota and throughout the upper Midwest.

18. Splash Products' -20° F fluid is more expensive to manufacture than other formulations having a higher freezing point, because it contains a greater percentage of methanol to keep the product from freezing.

**TWINCO'S FALSE LABELING OF POWER BLAST**

19. Twinco's POWER BLAST windshield washer fluid directly competes with Splash Products' SPLASH® -20° F product.

20. Upon information and belief, for many years Twinco manufactured its POWER BLAST product using a concentration of methanol that – consistent with published industry charts – allowed its windshield washer fluid to remain unfrozen and therefore spray at temperatures down to -20° F. During this time, Twinco truthfully labeled its POWER BLAST windshield washer fluid with the claim that the product would work for its intended purpose at temperatures as cold as -20° F.

21. Splash recently learned, however, that Twinco has substantially lowered the amount of methanol in its POWER BLAST product. Upon information and belief, Twinco did so to make its windshield washer fluid less expensive to manufacture, so it could increase its profit margin, unfairly compete and wrongfully divert business from competitors such as Splash Products.

22. As a result of Twinco's decision to decrease the percentage of methanol in its POWER BLAST product, Twinco's watered-down formula no longer works at temperatures as cold as -20° F. Rather, Twinco's watered-down POWER BLAST product freezes – and doesn't work for its intended purpose – at temperatures substantially warmer than -20° F.

23. Despite this substantial change in formulation, Twinco has continued to prominently advertise and label its watered-down POWER BLAST product sold in interstate commerce with the temperature -20° F along with other claims that POWER BLAST will work for its intended purpose at that temperature. An example of Twinco's label used on its watered-down POWER BLAST product is shown below:

82124615.1



24.     Twinco's advertising and product labeling claims are literally false and/or misleading.

25.     Contrary to Twinco's labeling claims, Twinco's watered-down POWER BLAST product will not spray on a vehicle's windshield at temperatures as cold as -20° F, and therefore will not work for its intended purpose.

26.     Moreover, contrary to Twinco's labeling claims, Twinco's watered-down POWER BLAST product will not protect a vehicle's "washer equipment" at temperatures as cold as -20° F.  To the contrary, because Twinco's watered-down product will freeze at

82124615.1

temperatures substantially warmer than -20° F, use of the Twinco product at -20° F provides less protection to a vehicle's windshield washer fluid system than if no fluid were used at all.

### THE IMPACT OF TWINCO'S FALSE LABELING

27. As a direct result of Twinco's false and misleading labeling claims, consumers and retailers in Minnesota and elsewhere have been misled into purchasing windshield washer fluid that will not perform at -20° F as claimed. As a result, consumers in Minnesota and elsewhere face the substantial risk that their windshield washer fluid will fail in cold temperatures – resulting in potentially life threatening conditions.

28. As a further direct result of Twinco's false and misleading labeling claims, Splash Products has suffered substantial economic harm and loss.

29. The market for windshield washer fluid is highly competitive.

30. Consumers and retailers in Minnesota and other cold-weather states have a strong preference for windshield washer fluid that will work at -20° F. When faced with competing windshield washer fluids that are claimed to work to the same temperature, however, purchasers will generally purchase the lower-priced product.

31. As a result of Twinco's false and misleading claims, Twinco has been able to sell its watered-down POWER BLAST product at prices below those charged for Splash Products' directly competing SPLASH® fluid.

32. As a further result of Twinco's false and misleading claims, Splash Products has lost sales revenue and profits.

33. As further result of Twinco's false and misleading claims, Splash Products has had to lower its prices, and has lost profits, in order to meet Twinco's unfair competition.

## COUNT I

### FEDERAL FALSE ADVERTISING AND UNFAIR COMPETITION
### 15 U.S.C. § 1125(a)

34. Splash Products repeats each of the allegations above as if fully set forth herein.

35. Twinco's false and misleading claims about its POWER BLAST product constitute false advertising and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Twinco's false and misleading claims deceived, or are likely to deceive, a substantial segment of consumer and retailers who purchase its product.

37. Twinco's false and misleading claims are material and likely to influence the purchasing decisions of consumers and retailers.

38. Twinco's actions have damaged, and will continue to damage, Splash Products.

39. Twinco's actions have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

40. If Twinco is allowed to continue its wrongful actions, Splash Products will suffer irreparable harm for which it has no adequate remedy at law.

41. As a result of Twinco's wrongful conduct, Splash Products is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

42. Splash Products is further entitled to damages in an amount to be proven at trial, trebled where appropriate, and recovery of all reasonable attorneys' fees and costs incurred herein.

## COUNT II

### MINNESOTA DECEPTIVE TRADE PRACTICES ACT
### MINN. STAT. § 325D.44

43. Splash Products repeats each of the allegations above as if fully set forth herein.

44. Twinco's false and misleading claims about its POWER BLAST product constitute deceptive trade practices, in violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

45. Twinco's actions have been willful and in bad faith.

46. As a result of Twinco's wrongful conduct, Splash Products is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief. Splash Products is further entitled to recovery of all reasonable attorneys' fees and costs incurred herein.

## COUNT III

### MINNESOTA FALSE STATEMENTS IN ADVERTISING ACT
### MINN. STAT. § 325F.67

47. Splash Products repeats each of the allegations above as if fully set forth herein.

48. Twinco's false and misleading claims about its POWER BLAST product constitute a violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67.

49. Twinco's actions have been willful and in bad faith.

50. As a result of Twinco's wrongful conduct, Splash Products is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

51. Splash Products is further entitled to damages in an amount to be proven at trial, and recovery of all reasonable attorneys' fees and costs incurred herein, pursuant to Minn. Stat. § 8.31 subd. 3a.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

52. Splash Products repeats each of the allegations above as if fully set forth herein.

53. Twinco's false and misleading claims about its POWER BLAST product constitute unfair competition in violation of the common law of Minnesota and other states where Twinco has engaged in such conduct.

54. As a result of Twinco's wrongful conduct, Splash Products is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

55. Splash Products is further entitled to damages in an amount to be proven at trial, and recovery of all reasonable attorneys' fees and costs incurred herein.

## COUNT V

### UNJUST ENRICHMENT

56. Splash Products repeats each of the allegations above as if fully set forth herein.

57. As a result of Twinco's wrongful conduct, Twinco has been unjustly enriched at the expense of Splash Products.

58. As a result of Twinco's wrongful conduct, Splash Products is entitled to the preliminary and permanent injunctive remedies specified in the Prayer for Relief.

59. Splash Products is further entitled to damages in an amount to be proven at trial, and recovery of all reasonable attorneys' fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Splash Products, Inc., respectfully requests the following remedies and relief:

(a) Twinco, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained from directly or indirectly using in commerce or disseminating to the marketplace any materials, labels, promotional materials, advertising or other goods containing any of the false and misleading statements described in this Complaint, or any advertising or labeling which communicates similar false and misleading messages;

(b) Twinco be ordered to issue corrective advertising and corrective notifications to its customers, including retailers who purchased falsely labeled products described in this Complaint, reasonably designed to reach all people who may have purchased its falsely labeled products, to advise them of the mislabeling and false statements;

(c) Twinco be ordered to deliver up and destroy all advertisements and other promotional materials and labels bearing or using the false and misleading advertising and labeling identified in this Complaint;

(d) Twinco be ordered to file with this Court and to serve upon Splash Products within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Twinco has complied with the injunction;

(e) A monetary award of all of Twinco's profits derived from its false and misleading advertising, to be trebled in accordance with 15 U.S.C. § 1117;

(f) Splash Products recover all damages it has sustained from Twinco's false advertising and deceptive practices, including lost profits, lost sales, and

  expenditures for past or future corrective advertising, to be trebled in accordance with 15 U.S.C. § 1117;

(g) Splash Products recover all costs incurred in connection with this action, including its reasonable attorney fees;

(h) Splash Products recover prejudgment and post-judgment interest; and

(i) Splash Products recover such other relief as the Court may deem appropriate.

DATED: June 14, 2011   ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____
Christopher K. Larus (#0226828)
Michael A. Collyard (#302569)
Kelly M. McLain (#0341058)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
612-349-8500

**ATTORNEYS FOR SPLASH PRODUCTS, INC.**

82124615.1