UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SPLASH PRODUCTS, INC., | Case Number: 11-cv-1564 JRT/AJB |
| Plaintiff, | |
| v. | **ANSWER AND COUNTERCLAIM** |
| TWINCO ROMAX, LLC and TWINCO/ROMAX WISCONSIN, INC., | |
| Defendants. | |

For their answer to the Complaint, Defendants Twinco Romax, LLC and Twinco/Romax Wisconsin, Inc. (collectively "Twinco") state and allege as follows:

1.   Admitted.

2.   Twinco admits that the purpose of windshield washer fluid is to spray onto a vehicle's windshield. The remaining allegations in Paragraph 2 are denied.

3.   Denied.

4.   Denied.

5.   Twinco lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 5, and therefore denies the allegations.

6.   Twinco admits that Twinco Romax, LLC sells windshield washer fluid under the brand name POWER BLAST and that its principal place of business is 4635 Willow Drive, Medina, Minnesota. Twinco denies the remaining allegations in Paragraph 6.

7. Twinco admits that Twinco/Romax Wisconsin, Inc. was a Minnesota corporation with its principal place of business at 4635 Willow Drive, Medina, Minnesota. Twinco asserts that Twinco/Romax Wisconsin, Inc. is no longer in operation. The remaining allegations in Paragraph 7 are denied.

8. Paragraph 8 contains legal conclusions that need not be admitted or denied.

9. Twinco denies that it has made false and misleading claims in this District. The remaining allegations in Paragraph 9 are legal conclusion that need not be admitted or denied.

10. Admitted.

11. Admitted.

12. Twinco lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 12, and therefore denies the allegations.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Twinco lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 17, and therefore denies the allegations.

18. Twinco lacks knowledge and information sufficient to admit or deny the allegations in Paragraph 18, and therefore denies the allegations.

19. Answering Paragraph 19, Twinco admits that the parties are competitors. The remaining allegations in Paragraph 19 are denied.

20. Answering Paragraph 20, Twinco admits that it truthfully labeled its POWER BLAST windshield washer fluid in the past and further asserts that it is truthfully labeling its windshield washer fluid in the present. To the extent that Paragraph 20 suggests that Twinco no longer labels its windshield washer fluid accurately or that it recently changed the amount of menthol in its windshield washer fluid, the allegations are denied. Twinco also denies that there are "published industry charts" for the windshield washer fluid industry.

21. Denied.

22. Denied. Upon information and belief, some of Splash's own -20º F windshield washer fluid does not contain a concentration of methanol that is consistent with the charts it relies upon.

23. Answering Paragraph 23, Twinco admits that the image shows an example of a POWER BLAST label. The remaining allegations in Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Answering Paragraph 29, Twinco admits that the market is competitive. Twinco denies that the market is "highly" competitive.

30. Denied.

31. Denied.

32. Denied.  Upon information and belief, when Splash's accounting records are reviewed independently (separating Splash's accounting from accounting for Factory Motor Parts Company, SuperClean Brands, LLC, Fox Packaging Company, Elliot Auto Supply Co., Inc., and U.S. Warehouse Supply) such records will reflect that Splash's profit (or lack thereof) is related only to its production and sales efforts.

33. Denied.

## Count I
## Alleged Federal False Advertising and Unfair Competition

34. Twinco re-alleges and incorporates the prior allegations.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## Count II
## Minnesota Deceptive Trade Practices Act

43. Twinco re-alleges and incorporates the prior allegations.

44. Denied.

45. Denied.

46. Denied.

### Count III
### Minnesota False Statements in Advertising Act

47. Twinco re-alleges and incorporates the prior allegations.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### Count IV
### Alleged Common Law Unfair Competition

52. Twinco re-alleges and incorporates the prior allegations.

53. Denied.

54. Denied.

55. Denied.

### Count V
### Alleged Unjust Enrichment

56. Twinco re-alleges and incorporates the prior allegations.

57. Denied.

58. Denied.

59. Denied.

60. Except as expressly admitted, each and every allegation in the Complaint is denied.

## **SEPARATE DEFENSES**

61. Plaintiff's claims are barred by the doctrine of unclean hands.

62. Plaintiff's claims are barred by the statute of limitations.

63. Plaintiff's claims are barred by laches.

## COUNTERCLAIM

Defendant Twinco Romax, LLC ("Twinco"), by and through its undersigned counsel, hereby states as follows, by and for its Counterclaim against Plaintiff and Counterclaim Defendant Splash Products, Inc. ("Splash").

### The Parties

1. Twinco Romax, LLC is a Delaware limited liability company with its principal place of business located at 4635 Willow Drive, Medina, Minnesota 55340.

2. Splash is a Minnesota corporation with its principal place of business located at 1380 Corporate Center Curve, Suite 200, Eagan, Minnesota 55121.

### Jurisdiction and Venue

3. This is an action for defamation *per se* against Splash. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Twinco's Minnesota common law claim because it is related to the claims within the Court's original jurisdiction and form part of the same case or controversy.

4. Venue is proper in this District under 28 U.S.C. § 1391 because Splash is deemed to reside in this District, is doing business in this District, and made its defamatory comments at issue in this District.

### Facts

5. On or before June 24, 2011, Splash, through its agent, made statements to the Minneapolis/St. Paul Business Journal regarding Twinco and this pending litigation.

6. Splash's statements to the Minneapolis/St. Paul Business Journal included "[w]e owe it to our customers to make certain they are given fair and accurate

information so that, at no time, will their safety or the safety of their families be compromised by under-performing windshield washer fluids."

7. Splash's statements to the Minneapolis/St. Paul Business Journal declare that Twinco is dishonest, unconcerned with the safety of its customers, and manufactures and sells an "under-performing" product.

8. Splash's statements were published in the Minneapolis/St. Paul Business Journal and disseminated in the community.

9. Splash also made statements to Twinco's customers and potential customers regarding Twinco's products. For example, Splash has told Twinco's customers or potential customers that Twinco's product is inferior and does not operate as advertised.

10. Splash's statements are false and damage Twinco's reputation.

## COUNT I – DEFAMATION PER SE

11. Twinco re-alleges paragraphs 1-10 as if fully restated herein.

12. Splash published and disseminated false and injurious written and oral statements to persons other than Twinco, including, but not limited to The Minnesota/St. Paul Business Journal, its readers, and existing and potential customers of Twinco.

13. Splash knew, or should have known, that its disparaging and injurious statements were false and/or misleading.

14. Splash's false and injurious statements about Twinco were defamatory per se as the statements related to Twinco in its business and trade.

15. In making such statements, Splash acted with knowledge that such statements were false and/or with reckless disregard of whether they were false or not.

16. Splash made such defamatory statements without any legal excuse.

17. Splash's defamatory statements injured and/or are likely to injure Twinco's reputation in the business community and harm Twinco's real and potential business relationships.

18. As a direct and proximate result of Splash's defamatory statements, Twinco has suffered, and will continue to suffer, damages in lost goodwill in the business community and/or lost business relationships, in an amount to be determined at trial.

WHEREFORE, Twinco requests that the Court:

A. Enter judgment for Twinco on Plaintiff's claims;

B. Award damages to Twinco on its counterclaim in an amount to be proven at trial;

C. Award attorneys fees and costs to Twinco; and

D. Grant any other and further relief the Court deems just and equitable.

Dated:  August 5, 2011                             /s/ Laura L. Myers
David R. Marshall (#184457)
*dmarshall@fredlaw.com*
Lora M. Friedemann (#259615)
*lfriedemann@fredlaw.com*
Laura L. Myers (#387116)
*lmyers@fredlaw.com*
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone:  (612) 492-7000
Facsimile:  (612) 492-7077

ATTORNEYS FOR DEFENDANTS

4950367_1.DOC